UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE VALVANO, | No. 2:17-cv-01315 CKD |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. ECF Nos. 7, 8. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born November 27, 1971, applied in March 2013 for SSI and disability insurance benefits, alleging disability beginning December 1, 2007.[1] Administrative Transcript ("AT") 18,

---

[1] As noted by the ALJ, this was plaintiff's fourth application for disability benefits. Her 2006, 2009, and 2010 applications were all denied. As the October 14, 2011 denial of plaintiff's third

1

273. Plaintiff alleged she was unable to work due to bipolar disorder, depression, anxiety, arthritis, degenerative disc disease, spinal stenosis, torn ligament, and nerve damage. AT 196. In a decision dated January 28, 2016, the ALJ determined that plaintiff was not disabled.[2] AT 18-38. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not made a showing of 'changed circumstances' since the date of ALJ Callis' prior decision, and the presumption of continuing non-disability arising out of the prior decision dated October 14, 2011 has not been rebutted; the claimant was not

---

application was administratively final, the ALJ in the instant case considered only the period dating from October 14, 2011, the date of the last agency decision on her claims. AT 18-20; see AT 103-114.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

disabled through her Date Last Insured of December 31, 2011 within the meaning of the Social Security Act, as amended. . . . [3]

2. The claimant has not engaged in substantial gainful activity since October 15, 2011.

3. The claimant has the following severe impairments: degenerative disc disease; degenerative joint disease of the knee and shoulder; obesity; osteoarthritis; depression and anxiety.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, except she can occasionally reach overhead with the left upper extremity. She can perform postural activities occasionally, but can never climb ladders, ropes or scaffolds. Work is limited to simple, as defined in the DOT as SVP levels 1 and 2, route and repetitive tasks, and low stress, defined as having only occasional decision making requirement and occasional changes in work setting.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on November 27, 1971, and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 14, 2011 through the date of this decision.

AT 21-37.

---

[3] The ALJ determined that plaintiff had not made a showing of "changed circumstances" since the date of the previous ALJ's decision. AT 21-22. Thus, the earlier decision "applies to the claimant's Title II claim" and "the remaining portions of this decision address the claimant's supplemental social security income." AT 22. As plaintiff does not challenge the "no changed circumstances" finding, the only application and decision under review is plaintiff's claim for SSI.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ's Step Five findings are not supported by substantial evidence; (2) the ALJ failed to adequately develop the record as to plaintiff's mental impairments.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////
////
////

ANALYSIS

A. Vocational Expert

Plaintiff asserts that, at Step Five, the ALJ did not resolve an apparent inconsistency between the vocational expert's (VE's) testimony and the Dictionary of Occupational Titles (DOT). Plaintiff argues that the ALJ's residual functional capacity findings conflict with the Reasoning Level requirements of two jobs identified by VE as within plaintiff's ability to perform: order clerk and document specialist expert. AT 69-70. See Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015) (finding "an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 reasoning."). Under Zavalin, "[w]hen there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle – the ALJ is required to reconcile the inconsistency." 778 F.3d at 846. Plaintiff contends the ALJ failed to meet this requirement.

The United States Department of Labor, Employment & Training Administration's Dictionary of Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1); see Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995) (reliance on the DOT acts as a presumption that may be rebutted by the testimony of a vocational expert); see also Social Security Ruling 00-4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy).

1. Waiver

Defendant first argues that plaintiff waived this argument because the attorney who represented her at the administrative hearing failed to raise any alleged DOT conflicts. AT 47, 70. Defendant points out that the ALJ instructed the VE that her testimony must be consistent with the DOT, and the VE stated she would advise the ALJ if any part of her testimony was not

consistent with the DOT. AT 67. After the VE testified about available jobs, the ALJ asked if her testimony was "consistent with the DOT" and the VE replied: "It's consistent with the DOT, as well as with the 40 years of experience in the labor market." AT 70. The ALJ then asked plaintiff's counsel if he had any questions, and he said no. AT 70. In fact, plaintiff's attorney had no objections to the VE or her testimony. AT 67, 70.

The Ninth Circuit has held that, unless manifest injustice would result, claimants must generally "raise all issues and evidence at their administrative hearing in order to preserve them on appeal," at least when claimants are represented by counsel. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). This requirement is because the ALJ as the fact-finder, rather than a federal court reviewing under a substantial evidence standard of review, is the appropriate person to resolve factual and evidentiary inconsistencies, including conflicts concerning vocational information and testimony. As plaintiff raised this issue in her brief to the Appeals Council challenging the ALJ's decision (AT 407-408), however, the court will proceed to the merits of plaintiff's argument. See Lamear v. Berryhill, 865 F.3d 1201, 1206 (9th Cir. 2017).

2. Merits

Plaintiff points out that the RFC limited her to "simple, as defined in the DOT as SVP levels 1 and 2, route and repetitive tasks, and low stress, defined as having only occasional decision making requirement [sic] and occasional changes in the work setting."[4] AT 27. When the ALJ asked the VE what jobs a person with plaintiff's RFC would be able to perform, the VE responded:

> A: There would be the job of order clerk – 209.567-014. It's sedentary, with an SVP of 2. Nationwide, there are approximately 215,000 of those jobs. A second occupation would be document specialist. It's 249.587-018; sedentary, with an SVP of 2. Nationwide, there are approximately 2,000,000 of those jobs.
>
> Q: Okay. And if you add to this hypothetical, that she would be limited to simple work, as defined in the DOT, as SVP levels 1 and 2, routine and repetitive; and work in a low-stress job, . . . would that

---

[4] The ALJ found her unable to perform past relevant work "as a owner – parcel post store; mailroom supervisor; manager – dry cleaner and manager retail. These positions were performed at a more demanding exertional level than that which the claimant is now capable of performing." AT 36.

6

>person be able to perform the jobs you listed?
>
>A: Yes.
>
>. . .
>
>Q: All right. And your testimony's consistent with the DOT?
>
>A: It's consistent with the DOT, as well as with 40 years of experience in the labor market.

AT 69-70.

Plaintiff contends the VE's testimony is problematic, because the DOT classifies the jobs of order clerk and document specialist expert as involving a Reasoning Level of 3. DOT 209.657-014, 1991 WL 671794 (order clerk); DOT 249.587-018, 1991 WL 672349 (document preparer). The DOT defines Reasoning Level 3 as the ability to:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT, App. C, 1991 WL 688702. In Zavalin, the Ninth Circuit held that "there is an apparent conflict between the residual functional capacity to perform simple repetitive tasks, and the demands of Level 3 Reasoning," requiring the ALJ to reconcile the inconsistency. 778 F.3d at 847.

Here, the ALJ noted that, "[p]ursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." AT 37, 70. The VE additionally testified that, based on her 40 years in the labor market, a person with plaintiff's RFC would be able to perform the jobs of order clerk and document specialist. AT 70. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."); Wentz v. Comm'r Soc. Sec., 401 Fed. Appx. 189, 191 (9th Cir. 2010) (where ALJ asks VE to identify any conflicts between her testimony and the DOT, the VE identifies none, and claimant's attorney does not challenge VE's representation that her testimony comports with the DOT, the ALJ met his obligations under SSR 00-4p "to investigate potential conflicts with the DOT, and

his reliance on the VE testimony was therefore proper").

Even assuming arguendo the ALJ erred in failing to reconcile an inconsistency between the VE's testimony and the DOT, such error would be harmless. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"); Zavalin, 778 F.3d at 848 (analyzing whether error was harmless based on claimant's education, capabilities, and individual circumstances). Here, in contrast to the facts in Zavalin, plaintiff had a long and varied work history, including running her own business, working as a mailroom supervisor, and working as a manager in a retail environment. AT 67-68, 313, 400. Plaintiff has not demonstrated harm from any failure to inquire further of the VE, as the overall record suggests her case is distinguishable from Zavalin and any error was inconsequential to the ALJ's finding of nondisability.

     B. Duty to Develop the Record

Plaintiff asserts that the ALJ failed to adequately develop the record in assessing her mental residual functional capacity. The ALJ weighed the opinions of two state agency psychologists who reviewed the mental health evidence in July 2013 and April 2014, respectively, and found no severe mental impairment. AT 36; see AT 147-149, 163-165, 181-183. "Based on subsequent treatment notes," the ALJ wrote, "I afforded these [opinions] reduced weight, and find her anxiety and depression severe." AT 36. Plaintiff contends that, rather than interpreting later medical records on her own, the ALJ should have further developed the record on this issue.

Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)

(quoting <u>Smolen</u>, 80 F.3d at 1288.)

Plaintiff cites 2013 and 2014 medical records noting plaintiff's depression, bipolar disorder, borderline personality disorder (BPD), and anxiety. AT 1080, 1146, 1150-1152, 1277, 1435, 1519. In 2013 notes, plaintiff reported past episodes and thoughts of self-harm. AT 1277, 1279. In 2015, her bipolar disorder and BPD symptoms were "well controlled with current medications most of the time, no mania, no severe depression." AT 1520.

The ALJ spent several pages discussing the mental health evidence from 2012 to 2015, concluding that plaintiff's "mental symptoms appear to wax and wane . . ., and her depression appears to be based, in part, on financial stressors and her living situation. She has not required psychiatric hospitalization, and her condition has been noted to be stable on numerous occasions." AT 34; <u>see</u> AT 26, 30-33. Nonetheless, the ALJ found plaintiff to have severe mental impairments (depression and anxiety) at Step Two and noted that plaintiff's RFC was consistent with her overall GAF scores of 51-60, indicating moderate difficulty in functioning. AT 23, 35.

The additional medical notes cited by plaintiff did not trigger the duty to develop an already voluminous medical record. Moreover, as the ALJ found in plaintiff's favor at Step Two on mental impairments, any such error was harmless.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated: June 26, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/valvano1315.ssi.ckd

9